UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Drako Sullivan, #94186-071, ) | C/A No. 5:16-cv-01211-TMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Warden, SPC-Edgefield, ) | |
| ) | |
| Respondent. ) | |

A federal prison inmate appearing pro se has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Drako Sullivan ("Petitioner") is a federal prisoner convicted of a drug-related crime in a guilty plea in this court in July 2002 and sentenced to 262 months of incarceration. *United States v. Sullivan*, No. 6:01-cr-00898-HMH-1. In the § 2241 Petition now under review, citing to *United States v. English*, 173 F.3d 852 (4th Cir. 1999) (unpublished), Petitioner asserts that his federal sentence is "void" because it exceeded the district judge's statutory authority under the then-mandatory sentencing guidelines and because it was improperly enhanced through the use of a South Carolina Youthful Offender conviction as one of the predicate convictions. ECF Nos. 1 at 8; 1-2 at 2. Although he states that he has not done so, ECF No. 1 at 4-5, this court's records disclose that Petitioner filed an initial, unsuccessful motion pursuant to 28 U.S.C. § 2255 in

connection with his criminal case on February 2003 and an unauthorized successive § 2255 motion in November 2003. *Sullivan v. United States*, Nos. 6:03-2200-HMH; 6:03-3655-HMH. Both of those motions included claims of ineffective assistance of counsel relating to the predicate offenses used to enhance Petitioner's sentence, but they do not contain citations to the *English* case. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). There is nothing in the § 2241 Petition now under review showing that Petitioner sought authorization from the Fourth Circuit Court of Appeals to file a third § 2255 motion to raise his current *English*-based claim before he filed this Petition.

II.  Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1

5:16-cv-01211-HMH     Date Filed 05/02/16     Entry Number 7     Page 3 of 6

(4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This court is charged with screening Petitioner's Petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.     Discussion

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Although he asserts that he is using § 2241 because "it governs how my sentence is carried out," Pet. 4, ECF No. 1 at 4, review of his pleadings shows that Petitioner is not challenging the manner of execution of his sentence, but, rather, he is challenging the underlying validity of the sentence. Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).

Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (possession of 50 grams or more of crack cocaine) has been deemed non-criminal by any substantive law change since the conclusion of his initial § 2255 motion. Instead, citing a Fourth Circuit opinion that was already in place at the time of his 2003 sentencing, Petitioner challenges the validity of his federal sentence, alleging that he was improperly classified as a career offender under the 2003 version of the Federal Sentencing Guidelines because one of the predicate convictions used to support enhancement was entered pursuant to the South Carolina Youthful Offenders Act. This is the type of claim properly raised by federal prisoners either on direct appeal or through a § 2255 motion.

Furthermore, Petitioner cannot show that the § 2255 remedy is inadequate or ineffective to test the validity of his confinement because even though he has already filed two unsuccessful § 2255 motions in his criminal case in this court, there is no prohibition on his filing a third one provided he first obtains permission to do so from the Fourth Circuit. *See* 28 U.S.C. § 2255(h)(1) (a court of appeals may authorize the filing of a successive application under appropriate

4

circumstances). However, there is no indication in the pleadings before this court that he sought authorization for a successive § 2255 motion from the Fourth Circuit to file a third one based on *United States v. English* before filing this Petition. The fact that a § 2255 motion may be deemed untimely or successive does not show that the remedy is ineffective or inadequate. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

May 2, 2016                                                                                          Kaymani D. West
Florence, South Carolina                                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).