IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Drako Sullivan, #94186-071, ) | |
| ) | C.A. No. 5:16-1211-HMH-KDW |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Warden, SPC-Edgefield, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Drako Sullivan ("Sullivan"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge West recommends dismissing the petition without prejudice, because Sullivan is attacking his conviction and sentence, and has failed to show that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his conviction. (Report & Recommendation 4-5, ECF No. 10.)

Sullivan filed objections to the Report and Recommendation on May 19, 2016.[2] Objections to the Report and Recommendation must be specific. Failure to file specific

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Sullivan's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Sullivan alleges that this matter should be held in abeyance until the Fourth Circuit issues its opinion in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted, (4th Cir. Dec. 2, 2015). (Objections 1, ECF No. 11.) The court declines to stay this case pending an en banc decision in Surratt. The law provides that Sullivan must meet the following three elements in order for his § 2241 petition to satisfy the § 2255(e) savings clause:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Sullivan is objecting that his prior conviction under the South Carolina Youthful Offender Act should not have counted as a predicate offense for career offender status under the United States Sentencing Guidelines. However, Sullivan has failed to establish any subsequent change in substantive law such that the conduct of which he was convicted is deemed no longer criminal. Therefore, Sullivan's § 2241 petition fails to

2

satisfy the § 2255(e) savings clause. Based on the foregoing, Sullivan's objection is without merit, and the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Sullivan's § 2241 petition, docket number 1, is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 6, 2016

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.